## THE STATE OF WISCONSIN, Plaintiff in Error,

*vs.*

## DOMINICK CASEY, Defendant in Error.

ERROR TO WAUKESHA CIRCUIT COURT.

The clear proceeds of all fines collected in the several counties for any breach of the
penal laws, belong to and constitute part of the school fund.

The school fund is the property of the state, and an action is properly brought in
the name of the state to recover any amount due from individuals to said fund, in
the absence of other statutory regulation.

THIS suit was commenced in the Waukesha Circuit Court, in
the name of the state of Wisconsin, against the defendant in er-
ror, by summons in a plea of debt.

The declaration was by William S. Hawkins, attorney and
agent, against the defendant, that he render unto the state of
Wisconsin, the sum of five hundred dollars, lawful money, &c.,
which he owes to, and unjustly detains from the school funds of
the state of Wisconsin.

For that whereas, heretofore, to wit: from the 15th day of Janu-
ary, A. D. 1851, to the 1st day of January, A. D. 1853, to wit: at
Waukesha, in the county of Waukesha, state aforesaid, the said
Dominick Casey, defendant, was a county officer of the county of
Waukesha aforesaid, to wit: sheriff of said county duly elected
and qualified to said office, and acting as sheriff aforesaid, for the
term aforesaid, and being such sheriff aforesaid, and during the
term aforesaid, and as such sheriff, at the town and county afore-
said, he, the said defendant, received divers large sums of money,
paid to him as sheriff aforesaid, on account of fines, penalties and
forfeitures, to wit: (the declaration goes on to state specifically,
the time when, the persons of whom received, for what offences
they were convicted, etc., etc., and the amount thereof from
each, amounting in all to the said sum of five hundred dollars),
the proceeds of such fines, &c., belonging to the school fund of the

state of Wisconsin. And by virtue of an act of the legislature of said state, approved April 3, 1854, entitled, "An act supplementary to an act to provide for the more speedy collection of fines, forfeitures and penalties remaining in the hands of justices of the peace," approved February 3, 1854, the plaintiff avers that one William S. Hawkins, who was duly and lawfully appointed by the governor of said state, an agent for the district composed of said county of Waukesha, to call for, demand and receive, and when necessary, to sue for and collect all moneys heretofore paid to, or received by any county or town officer, or other person within the said district, on account of any fines, penalties or forfeitures, the proceeds of which belong to the school fund, or the state treasury, and which have not been paid over by such officer or person as required by law, and all moneys which shall hereafter be paid to, or received by such officer or person, and which shall not be paid over within the time required by law. And the plaintiff avers that the said defendant, as such officer and sheriff aforesaid, having failed to pay over the aforesaid several sums of money, or any part thereof, as required by law, the said William S. Hawkins, agent as aforesaid, and by virtue and authority of the statute aforesaid, heretofore, to wit: on or about the 5th day of February, A. D. 1855, and on divers other days before that time, to wit: in the months of November and December, A. D. 1854, to wit: at Waukesha and within the district aforesaid, and as such agent aforesaid, did lawfully demand of the said defendant, the payment of the said several sums of money aforesaid, and did then and there produce to the said defendant his, the said William S. Hawkins, appointment under the seal of the said state of Wisconsin, as evidence of his authority to make such demand, and that the said defendant has failed to pay over the said several sums of money, so received by him as sheriff of said county of Waukesha, as required by law, and has failed to pay over the same to the said Hawkins, lawfully demanding the same, or to the state of Wisconsin, or to any other person legally authorized by law to receive the same.

The second count was a general one, without specifying the particular sums received, the time when, of whom, &c.

To this declaration the defendant filed a demurrer, assigning causes, which are stated fully, and in detail in the opinion of the court.

The Circuit Court sustained the demurrer, and rendered judgment for costs against the plaintiff; to reverse which this writ of error is sued out.

The cause was submitted to the court upon the case made.

*Wm. R. Smith*, attorney-general, for the plaintiff in error.

*A. W. Randall* and *E. M. Randall*, for the defendant in error.

*By the Court*, COLE, J.   This suit was instituted by William S. Hawkins, in behalf of the state, to recover of the defendant in error, certain moneys, alleged to have been received by him, as sheriff of Waukesha county, on fines imposed by justices of the peace, upon conviction of persons for criminal offences. The declaration contains two counts; the first of which alleges, that Casey, while he was sheriff of Waukesha county, received divers large sums of money (specifying a number of sums which had been collected, upon fines imposed upon various individuals mentioned, who had been convicted of criminal offences before magistrates), to the amount of $500, the proceeds of which belonged to the school fund of said state; and that by virtue of an act of the legislature, approved April 3, 1854, entitled, "An act supplementary to an act to provide for the more speedy collection and payment of fines, forfeitures and penalties, remaining in the hands of justices of the peace," the plaintiff avers, that William S. Hawkins was duly and lawfully appointed by the governor of the state, an agent for the district composed of Waukesha county, to call for, demand and receive, and, when necessary, sue for and collect, all moneys theretofore or thereafter paid to, or received by any county or town officer, or other person in said district,

on account of any fines, penalties or forfeitures, the proceeds of which belonged to the school fund, or the state treasury, and which had not been paid over by such officer within the time required by law. And the plaintiff further averred, that Casey having failed to pay over said sums of money, as required by law, said Hawkins, by virtue of the statute, at various times demanded said moneys of him, and that he failed to pay them to said Hawkins, or to any other person lawfully authorized to receive them on behalf of the state.

The other count of the declaration is a general one; that Casey, at Waukesha, once received a certain other sum of $500, for the use of the plaintiff, to be paid on request, with the usual breach.

To this declaration, the defendant interposed a demurrer, assigning the following as causes of demurrer:

" 1. It does not appear in and by said declaration, that the said defendant has received any money belonging to the state of Wisconsin, nor what part or portion of any moneys in his hands belongs to the state.

" 2. It does not appear in and by said declaration, that any moneys in the hands of the defendant belong to the state treasury, or to the school fund of the state.

" 3. It does not appear therein, that the ' clear proceeds' of any fines, alleged to have been received by the defendant, have been determined, or set apart by any tribunal, or any law of this state, to be paid into the 'school fund.'

" 4. It does not appear therein, that the state of Wisconsin has, or can have any right of action in the name of the plaintiff in this suit, for any moneys alleged to have been received by the de-fendant.

" 5. It does not appear therein, that any demand has been made upon the defendant, for any moneys belonging to the state or to the 'school fund.'"

" 6. It does not appear that the said William S. Hawkins, the pretended agent of the said plaintiff, had any right to demand of or receive from the defendant the moneys alleged to be in his hands, or to commence this suit.

" 7. It does not appear for what purpose or object the moneys mentioned in the second count in said declaration, were received by the defendant, nor from whom, or on what account the said moneys were received by him, nor in any other manner is it stated by what right the said plaintiff is entitled thereto, nor by what right he, the said Hawkins, has instituted this suit for the moneys mentioned in said second count; and for other informalities, &c."

The Circuit Court sustained the demurrer, and this ruling is assigned for error here.

We are unable to concur in the opinion of the Circuit Court, holding the declaration bad, for any or all the objections taken to it. Section 2 of article 10 of the constitution, provides what shall constitute the school fund of this state, and makes " the clear proceeds of all fines collected in the several counties for any breach of the penal laws " a part of this school fund. Now, all that it appears necessary to say upon the 1st, 2d, 4th, 5th and 6th causes of demurrer, is to remark that the first count in the declaration does distinctly allege that the defendant has received certain moneys collected on various fines imposed in Waukesha county for breaches of the penal laws of the state; that these moneys belong to the school fund, and that he has refused to pay them over to a person authorized by law to receive them.

That the action is properly brought in the name of the state, we think there can be no doubt. The clear proceeds of the money collected from fines belonging to the school fund, are a part and parcel of it; and is argument needed to demonstrate that the school fund belongs to the state? We suppose, then, the state, to whom this money rightfully belongs, is the proper party to sue for it, in the absence of statutory provisions, directing the suit to be instituted in the name of some officer, or corporation, or citizen. The declaration alleges that Hawkins was duly authorized by law to receive the money, and the effect of the demurrer is, to admit that fact and all others well pleaded.

As to the 3d objection, that it does not appear from the declaration that the " clear proceeds " of any fines alleged to have been received by the defendant, had been determined or set apart

The State of Wisconsin vs. Casey.

by any tribunal, or any law of this state, we do not think such fact needs be set forth in the declaration. Whether the act of April 3, 1854, or of February 21, 1851, or any other act in force in the state determines what shall be the " clear proceeds " of moneys arising from fines for breaches of the penal laws, may become a matter of inquiry upon the trial of the cause. That question does not fairly arise at this stage of the suit.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings according to law.